■ KENNETH NEGRON et al., Respondents, et al., Plaintiffs, v JEFFREY GARCIA et al., Respondents, and SUPER TRANS N.Y., INC., et al., Appellants. (And Other Actions.) [925 NYS2d 58]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 18, 2010, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendants failed to establish their entitlement to judgment as a matter of law on the basis that the emergency doctrine applied. The subject motor vehicle accident occurred when a vehicle, traveling to the right of defendants' bus, after sustaining mechanical difficulties, struck the bus's rear. Following this first impact, defendant bus driver, in an effort to keep the bus straight, applied the brakes and turned the wheel, but the bus spun around and eventually landed on its side, resulting in injuries to a number of the passengers. The record demonstrates that even assuming the applicability of the emergency doctrine, the bus driver's actions "may still be found to be negligent if, notwithstanding the emergency, the acts are found to be unreasonable" (*Ferrer v Harris*, 55 NY2d 285, 293 [1982] [internal quotation marks and citation omitted]).

Here, there is conflicting testimony regarding, inter alia, whether there were one or two impacts, the force of the impact, and how the accident initially occurred. Accordingly, there are

questions presented that warrant resolution by a trier of fact. Concur—Saxe, J.P., Acosta, DeGrasse, Abdus-Salaam and Manzanet-Daniels JJ.